## MARSH v. EXEMPT FIREMEN'S BENEV. FUND ASS'N OF TWENTY-THIRD WARD et al.

(Supreme Court, Appellate Division, First Department.    April 21, 1911.)

SUBMISSION OF CONTROVERSY (§ 17*)—PARTIES—ISSUES.

Under Code Civ. Proc. § 1279, authorizing the submission of controversies, on a submission on an agreed statement of facts between an executor and benevolent associations, to determine the validity of legacies to individuals who are widows or orphans of members of the association, the court will not determine the question, because the widows and orphans are not parties to the submission, and because the question presented may be determined on the settlement of the accounts of the executor before the surrogate.

[Ed. Note.—For other cases, see Submission of Controversy, Dec. Dig. § 17.*]

Submission of controversy on agreed statement of facts by Joseph A. Marsh, individually and as executor of John A. Alldritt, deceased, and the Exempt Firemen's Benevolent Fund Association of the Twenty-Third Ward and others.    Dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Francis B. Sanford, for plaintiff.
J. Wilson Bryant, for defendant Adelphic Lodge, No. 148.
William A. McQuaid, Deputy Atty. Gen.

INGRAHAM, P. J. I do not think that these associations or corporations, which unite in this submission, have an interest in the controversy here submitted, as the testator made no bequest to either of them, enforceable or unenforceable. If there is a bequest to anybody, it is to the individuals who were the widows or orphans of the members of these associations or corporations, and they are not parties to the submission, and therefore not before the court. Section 1279 of the Code of Civil Procedure, under which there can be the submission of a controversy, provides that:

"The parties to a question in difference, which might be the subject of an action, being of full age, may agree upon a case, containing a statement of the facts, upon which the controversy depends, and may present a written submission thereof to a court of record which would have jurisdiction of the action, brought for the same cause."

It seems to me quite clear that this case as submitted to us does not fall within this provision, as the widows and orphans, whoever they may be, are not parties to the submission. The questions presented

on this submission can be determined on the settlement of the accounts of the executors before the surrogate, or the plaintiff to this submission may rest without taking further action until some one comes in who claims to be entitled to an interest in one of these legacies. The question of whether or not there is an enforceable legacy should be left until there are some parties before the court who are the objects of the testator's bounty, and I think we should express no opinion upon that question, in the absence of the proper parties.

It follows, therefore, that this proceeding must be dismissed, without costs to either party. All concur.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.